UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WILLIE ERVIN MOORE, also known as )
JULIAN F. CARTER, II, also known as )
WILLIE ERVIN MINTER JR. )
)
   Plaintiff, )
)
v. )   No. 3:19-CV-00048-JRG-DCP
)
RONALD HICKS, )
)
   Defendant. )

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se state prisoner's civil rights complaint under 42 U.S.C. §

1983 [Doc. 1] that the United States District Court for the Western District of Tennessee

transferred to this Court [Doc. 3]. Section 1915(g) of the Prison Litigation Reform Act of 1996

(PLRA) provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if
> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
> any facility, brought an action . . . that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

As the transferring court noted in its transferring order, Plaintiff has filed at least three prior

civil rights actions while incarcerated that a court has dismissed as frivolous or for failure to state

a claim [Doc. 3 at 5 n.2]. *See, e.g., Moore v. Thompson Court Apartments*, No. 2:08-CV-02278

(W.D. Tenn. Feb. 18, 2009) (dismissed for failure to state a claim); *Moore v. Shelby Cty., et al.*,

No. 2:06-cv-02253 (W.D. Tenn. Sept. 1, 2006) (dismissed for failure to state a claim); and *Minter*

*v. Morgan, et al.*, No. 2:98-cv-02647 (W.D. Tenn. Aug. 7, 1998) (dismissed as frivolous).

Thus, the Court must determine whether Plaintiff's complaint alleges that Plaintiff is under imminent danger of serious physical injury. In his complaint, Plaintiff alleges that on September 9, 2018, he stuck two pieces of an ink pen inside of his penis [Doc. 1 at 2]. On September 10, 2018, Defendant Hicks examined him and, without doing an x-ray, removed one of the pieces of pen, which caused Plaintiff pain [*Id.*]. Plaintiff told Defendant Hicks that another piece of pen was inside of him, at which time Defendant Hicks sent Plaintiff for an x-ray [*Id.* at 3]. After the x-ray, a nurse told Defendant Hicks that the x-ray showed that nothing was still in Plaintiff's body, which was incorrect[1] [*Id.*]. Nevertheless, Defendant Hicks sent Plaintiff back to his mental health unit without any pain medicine [*Id.*]. A few days later, Plaintiff had to remove the remaining piece of pen from himself with a "spoon handler [sic]" [*Id.*].

Even liberally construing these allegations in favor of Plaintiff, it is apparent that Plaintiff does not allege that he was under any real and proximate danger of serious physical injury at the time he filed the complaint such that he would qualify for application of the imminent danger exception. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (providing that the imminent danger exception only applies where the danger is "real and proximate and the danger of serious physical injury . . . exist[s] at the time the complaint is filed" and that past danger is insufficient). Thus, Plaintiff must prepay the entire $400.00 filing fee in order to file this action.

Accordingly, this action is **DISMISSED without prejudice** to Plaintiff paying the full filing fee of $400.00. The Court **CERTIFIES** that any appeal from this action would not be taken

---

[1] Plaintiff specifically states in relevant part that "the nurse tells Dr. Hicks she could finds [sic] anything in [Plaintiff] x rays showing anything insided [sic] of [Plaintiff's] penis Dr. Hick gave orders too [sic] sends [sic] [Plaintiff] back to his unit . . . . the x ray machine was not corrected [sic] in the first place" [*Id.*]. Thus, while it is somewhat ambiguous, it appears from reading the complaint allegations as a whole that Plaintiff alleges that the nurse told Defendant Hicks that the x-ray showed that nothing was inside of Plaintiff's body because the machine did not work correctly.

in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Thus, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.  The Clerk is **DIRECTED** to close the file.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE